## Case No. 8,631.

### LYMAN VENTILATING & REFRIGERATOR CO. v. CHAMBERLAIN et al.

[2 Ban. & A. 433; [1] 10 O. G. 588; Merw. Pat. Inv. 141.]

Circuit Court, D. Massachusetts. Sept. 23, 1876.

PATENT—COOLING AND VENTILATING ROOMS — INVENTION—COMPLETENESS—DESCRIPTION —CONSTRUCTION.

1. The construction of the reissued letters patent granted March 10, 1874, to Stephen Cutter, assignee of Azel S. Lyman, No. 5,786, for an improvement in methods of cooling and ventilating rooms given by the circuit court of the United States in the Southern district of New York, in Lyman Ventilating & Refrigerator Co. v. Lalor [Case No. 8,632], adopted and followed.

2. Although the description may be so full and precise in the application for a patent as to enable one skilled in the art to which it appertains to construct what it describes, it does not attain the proportions or the character of a complete invention, until it is embodied in a form capable of useful operation.

3. Upon the construction given by the court to the Lyman patent: *Held*, that the invention claimed to have been infringed was anticipated, and that the patentee was not the original and first inventor thereof.

[This was a bill in equity filed by the Lyman Ventilating & Refrigerator Company to restrain the defendants Newell Chamberlain and others from the infringement of a reissued patent. The original letters patent were granted to Azel S. Lyman March 25, 1856. No. 14,510.]

Brown & Holmes, Whitney & Betts, and E. J. Cramer, for complainants.

Proctor, Warren & Brigham and Dickerson & Beaman, for defendants.

SHEPLEY, Circuit Judge. The reissued letters patent granted March 10, 1874, to Stephen Cutter, assignee of Azel S. Lyman. No. 5,786, for an improvement in methods of cooling and ventilating rooms, have repeatedly been the subject of litigation, and the claims of the patent have repeatedly been the subject of judicial construction. In the suit of these same complainants against William Lalor, in the Southern district of New York, Judge Blatchford delivered an elaborate opinion, giving the construction of the most important claims in the reissued patent. [Case No. 8,632.] This opinion, which was delivered September 10, 1874, was upon a motion for preliminary injunction. The same construction which was

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

given by Judge Blatchford is contended for by the complainants in this case. As the same construction has been substantially repeatedly given in the circuit court, in the Northern, Southern and Eastern districts of New York, in the Second judicial circuit, I adopt that construction as the law of this case.

The invention of Lyman, as thus construed, consists in a combination of a proper reservoir, holding the cooling material in an elevated position, so as to create the required circulation, with a conduit or conducting structure which will surround the cooling material or the cooled air, or both, and give to the cooled air its downward motion, in a determined direction, in its application to a room in which this reservoir and conduit are elevated, or in relation to which they hold this elevated position for the purpose of cooling, purifying, and ventilation. There must be a reservoir for the cooling material open at or near the top for the current of lighter and warmer air to come in contact with the cooling material and become condensed, and, by its greater specific gravity, to fall through the cooling material downward to and over the floor of the room, and in so doing displace the lighter and warmer air, forcing it upward toward the top of the compartment to be again, by contact with the ice in the reservoir, condensed, precipitating its moisture, and again falling by specific gravity downward, thus keeping up a continual circulation; and there must be something which will answer the requirement of the patent as a "descending conduit," to give to the current of cooled air a determined downward direction.

With this description of the invention of Lyman, as described and claimed in the reissued patent, the question whether Lyman was the original and first inventor of what is claimed in the reissued patent, may now be considered with reference to the evidence upon that issue in the record in this case, which is much more full than the testimony in any of the cases before referred to.

In the case against Lalor, Judge Blatchford decided, in accordance with the very well considered and able opinion of Judge McKennan, in the case of Northwestern Fire-Extinguisher Co. v. Philadelphia Fire-Extinguisher Co. [Case No. 10,337], that the application of Thaddeus Fairbanks made September 5, 1846, rejected February 6, 1847, and withdrawn July 27, 1847, did not, of itself, afford sufficient evidence of an invention which antedated the invention of Lyman. The learned judge says, "It is not shown that prior to the date of the original patent to Lyman, much less prior to the date of Lyman's invention, a refrigerator was actually constructed embodying what was set forth in the application of Fairbanks." He, therefore, comes to the conclusion, sustained by the opinion of Judge McKennan in the case cited, that although the descrip-

tion may be so full and precise in the application for a patent as to enable one skilled in the art to which it appertains to construct what it describes, it does not attain the proportions or the character of a complete invention, until it is embodied in a form capable of useful operation.

In this case the evidence is perfectly conclusive of the construction, both in 1846 and 1849, by Thaddeus Fairbanks, of refrigerators which embodied the invention set forth in Fairbanks' application, and that such refrigerators continued in practical and public use and are in existence and produced in evidence in the case.

Upon the construction of the patent claimed by the complainants, and upon the construction given to the claims of the patent by Judge Blatchford, these Fairbanks refrigerators furnish a perfect defence upon the question of novelty. Upon any construction which can be given to the Lyman patent, "the poor man's refrigerator" or "the barrel refrigerator," made by George Whittier, at Danversport, Massachusetts, which contained an elevated ice-box, rack, cold-air chamber, and descending conduit or flue separate from the ice-box and extending nearly to the bottom of the refrigerator, giving a determined downward direction to the current of cold air, must be considered as anticipating the Lyman patent, and the same remark is applicable to the upright refrigerator made by George Whittier and used by James D. Black, and to "The Mead & Whittier refrigerator," so called. The defendants in this case do not use any combination which is not clearly proved to have been in public and practical use prior to the date of the invention of Lyman, and, therefore, cannot be held to be the infringers of any invention of which he was the first and original inventor.

Bill dismissed, with costs.

[For another case involving this patent, see Lyman Ventilating Co. v. Lalor, Case No. 8,-632.]